CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

DEC 10 2015

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| HASSAN RAASHANN SHABAZZ,<br>    Plaintiff, | Civil Action No. 7:15-cv-00421 |
| v. | **MEMORANDUM OPINION** |
| JOHN A. WOODSON, et al.,<br>    Defendants. | By:  Hon. Jackson L. Kiser<br>       Senior United States District Judge |

Hassan Raashann Shabazz, a Virginia inmate proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff names as defendants John A. Woodson, the Warden of the Augusta Correctional Center ("ACC"); T. Back, a Unit Manager at ACC; and George Hinkle, the former Regional Administrator for the Virginia Department of Corrections ("VDOC"). The court conditionally filed the complaint, advised Plaintiff that the complaint failed to state a claim upon which relief may be granted, and permitted Plaintiff to withdraw or amend the complaint. An amended complaint is now before me for screening, pursuant to 28 U.S.C. § 1915A(b)(1). After reviewing Plaintiff's submission, I dismiss the amended complaint for failing to state a claim upon which relief may be granted.

## I.

Plaintiff alleges that defendants imposed cruel and unusual punishment because ACC's top bunks do not have a rail to keep inmates from rolling out of the top bunk, the first rung of the ladders welded on ACC's bunk beds are thirty inches above the floor, and the bunk ladders lack a grip to aid climbing. Plaintiff used to be able to use a footlocker as a step to climb the first rung of the ladder, but Warden Woodson's policy change in July 2013 required inmates to keep footlockers under the bunks. As a consequence of this policy, Plaintiff pulled a back muscle, pulled a groin muscle, and fell off the ladder as he climbed a bunk ladder on separate occasions

in August 2013. Also, Plaintiff put his mattress on the floor for at least one night because he did not want to climb into his top bunk. Medical staff issued Plaintiff a pass for a bottom bunk, which was kept valid until another inmate needed a bottom bunk assignment on April 22, 2014. Plaintiff sought a renewed bottom bunk pass, but the facility doctor refused because he believed the pass was no longer medically necessary.

In spite of Plaintiff's repeated grievances, Defendants refused to change the footlocker policy or modify the ladders. Nonetheless, Warden Woodson modified the footlocker policy years later on September 22, 2015, to allow inmates to use no more than twelve inches of the footlocker to help climb the ladders. Plaintiff demands damages and injunctive relief to force the VDOC to redesign the ladders.

## II.

I must dismiss an action or claim filed by an inmate if I determine that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting a plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and

conclusions . . . ." Id. Therefore, a plaintiff must "allege facts sufficient to state all the elements of [the] claim."[1] Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).

Plaintiff fails to state a violation of the Eighth Amendment's cruel and unusual punishment clause because there was no serious deprivation of a basic human need, and Plaintiff fails to establish a defendant's deliberate indifference to such a condition. See, e.g., Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993); see also Farmer v. Brennan, 511 U.S. 825, 838 (1994) (noting deliberate indifference requires a state actor to have been personally aware of facts indicating a substantial risk of serious harm, and the actor must have actually recognized the existence of such a risk); Parrish ex rel. Lee v. Cleveland, 372 F.3d 294, 303 (4th Cir. 2004) ("[T]he evidence must show that the official in question subjectively recognized that his actions were 'inappropriate in light of that risk.'"). While the Constitution protects prisoners from cruel and unusual living conditions, an inmate is not entitled to relief because he has been exposed to uncomfortable, restrictive, or inconvenient conditions of confinement. See Henderson v. Virginia, 2007 U.S. Dist. LEXIS 70207, at *26, 2007 WL 2781722, at *7 (W.D. Va. Sept. 21, 2007) (Conrad, J.) (unpublished). Rather, "[t]o the extent that such conditions are restrictive or even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Moreover, negligence is not a sufficient basis for liability under the Eighth Amendment. See Daniels v. Williams, 474 U.S.

---

[1] Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although I liberally construe pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), I do not act as an inmate's advocate, sua sponte developing statutory and constitutional claims not clearly raised in a complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985); see also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).

3

327 (1986); <u>Whitley v. Albers</u>, 475 U.S. 312, 319 (1986).  Accordingly, Plaintiff's complaints about the footlocker policies and design of the bunk beds fail to state a claim upon which relief may be granted, and the amended complaint is dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

ENTER: This 10th day of December, 2015.

*/s/ Jackson L. Kiser*
Senior United States District Judge

4